*Copy for the Court*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

"AMEND COMPLAINT"

## CIVIL RIGHTS COMPLAINT FORM

Herbert Demond York, B02769   CASE NUMBER: 3:12-cv-630-J-99MMH-JBT
(To be supplied by Clerk's Office)

FILED 2012 OCT 18

(Enter full name of each Plaintiff and prison number, if applicable)

Each defendants Are being Sued in their Individual Capacities for compensation & Punitive Damages.

v.

Robert Metz; Eric Jackson; Eric Williams; Michael Brown; Joshua Combs, Joshua Mosley; Brad Whitehead; Barry Reddish;

Jury Trial

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** Union Correctional Institution 7819
(Indicate the name and location)
North West 228th Street Raiford Florida 32026.

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

III. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes ( )  No (✓)

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes (✓)  No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): Herbert Demond York, #B02769

      Defendant(s): Hicks, Chestnut, Baily, Harper, Lewis, Oliver, Garza, Ruiles & S. Wilson.

   2. Court (if federal court, name the district; if state court, name the county):

      The U.S. District Court, Middle District of Florida, Jacksonville Div.

   3. Docket Number: #3:08-CV-00945-TJC-JRK

   4. Name of judge: Magistrate: James R. Klindt

   5. Briefly describe the facts and basis of the lawsuit: Plaintiff alleged defendants violated his constitutional Rights surrounding Incident where he was Injured during a Physical assault by Prison guards.

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): The case was dismissed due to Plaintiff's failure to Amend his initial Civil Rights Complaint.

   7. Approximate filing date: 10-1-08

   8. Approximate disposition date: 8-24-09

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

DC 225 (Rev 2/2012)

2

IV. <u>PREVIOUS LAWSUITS</u>:

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): Herbert Demond York #802769

Defendant(s): F. Chestnut, J.R. Harris, J. Kelly, J. Nash, P.H. Christie.

2. Court (if federal court, name the district; if state court, name the county): Middle District of Florida, Jacksonville Division

3. Docket Number: 3:10-cv-920-J-32TEM##

4. Name of judge: Magistrate: Thomas E. Morris.

5. Briefly describe the facts and basis of the lawsuit: Plaintiff alleged defendants violated his Constitutional Rights surrounding incident where he was injured during a physical assault by prison guards.

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): The case above is still pending

7. Approximate filing date: Oct 5, 2010

8. Approximate disposition date: _____

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev 9/03)  § 2(A)

identify these suits below by providing the case number, the style, and the disposition of each case: The case decribed above in section IV. C. was dismissed after Plaintiff failed to amend it. Plaintiff's Personal records have since been destroyed & so Plaintiff does not know if his constituted the type of dismissal Questioned about herein,

IV. **PARTIES**: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Herbert D. York #302469

Mailing address: Union Correctional Institution; 7819 N.W. 228th Street; Raiford, Florida, 32026.

B. Additional Plaintiffs: None

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Joshua Mosley (w/m)

Mailing Address: Union Correctional Institution 7819 N.W. 228th Street Rarford, Florida 32026

Position: (officer)

Employed at: Union Correctional Institutione

D. Defendant: Eric Williams (w/m)

Mailing Address: Union Correctional Institution 7819 N.W. 228th Street Raiford, Florida 32026.

DC 225 (Rev 2/2012)              3

Position: (Officer)

Employed at: Union Correctional Institution

E. Defendant: Joshua Combs (w/m)

Mailing Address: Union Correctional Institutional 7819 N.W. 228th Street Raiford Florida 32026.

Position: (officer)

Employed at: Union Correctional Institution

F. Defendant: Brad Whitehead (w/m)

Mailing Address: Union Correctional Institution 7819 N.W. 228th Street Raiford Florida 32026

Position: (Asst. Warden of Operations)

Employed at: Florida State Prison

G. Defendant: Barry Reddish (w/m)

Mailing Address: Union Correctional Institution 7819 N.W. 228th Street Raiford Florida 32026

Position: Warden of Union Correctional Institution

Employed at: Union Correctional Institution

H  B. Defendant: Robert Metz (w/m)
   Mailing Address: Union Correctional Institution 7819 N.W. 228th Street Raiford Florida 32026
   Position: (officer)
   Employed at: Union Correctional Institution

I  B. Defendant: Eric Jackson (B/m)
   Mailing Address: Union Correctional Institution 7819 N.W. 228th Street Raiford Florida 32026
   Position: (sergeant)
   Employed at: Union Correctional Institution

J. C. Defendant: Michael Brown (w/m)
   Mailing Address: Union Correctional Institution 7819 N.W. 228th Street Raiford Florida 32026
   Position: (lieutenant)
   Employed at: Union Correctional Institution

DC 225 (Rev. 9/03)            4(A)

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

1. The actions of Defendant Williams and Mosley in using physical force against Plaintiff without need or provocation and excessively were done maliciously and sadistically for the very purpose of causing harm and not in a good faith effort to restore order or maintain discipline or for any other legitimate (Statement of Claims continued on page #7) Paragraphs # 1-10

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

1. Defendant Barry Reddish was at all times relevant to this action, as the Warden of Union Correctional Institution (hereinafter U.C.I.). As such, he had the overall responsibility for supervising the governance, discipline, reassignment and policy-making at U.C.I, and enforcing all orders, rules, regulations etc. Including implementing protective and corrective actions through the grievance process and after internal investigations and complaints from others against staff members. Additionaly, he had the obligation to (Statement of Facts continued on page 6...) Paragraphs # 1-62

Statement of Facts, continued:

provide all inmates with the basic necessities of life, including personal safety, bedding, clothing and adequate warmth.

2. Defendant Brad Whitehead was at all times relevant to this action, as the Assistant Warden of Operations at U.C.I. As such, he was also responsible for the supervision, governance, discipline, reassignment and some policy making at U.C.I; and enforcing all rules, orders, regulations and ect. Including implementing protective and corrective actions through the grievance process and after some internal investigations and complaints from others against staff members practices and violations. Furthermore, he was obligated to provide all inmates with the basic necessities of life, including personal safety, bedding, clothing and adequate warmth when necessary.

3. Employees of Florida Department of Corrections (herein after F.D.O.C) are authorized to use a variety of types of force where the circumstances warrant it, including hands on physical force, as described in rule 33-602.210, F.A.C., promulgated by DOC (herein after D.O.C.)

4. Rule 33-602.210(5) F.A.C., provides that the Warden or duty warden must be consulted and give his/her permission prior to use of physical force unless spontaneous force is necessary.

5. A spontaneous use of force involves an immediate need

<u>Statement of Facts</u>

to use justifiable force without the time for reflection or planning. A non-spontaneous use of force is a use of justified force which occur after time for reflection and planning by the correctional staff using force. Plaintiffs claims does not arise from a spontaneous use of force because the use of force was pre-planned and excessive.

6. Rule 33-208.002 F.A.C. states that every employee has the responsibility to protect and safegaurd Department of Corrections property and the person and property of inmates and employees.

7. Section 20.315 (1)(d), Fla. Stat. (2010) outlines one of the goals of the F.D.O.C. which is to provide a safe and humane environment for offenders and staff in which rehabilitation is possible. It further states that it should include the protection of the offender from victimization within the institution.

8. Turning to the events. On November 3, 2011 the plaintiff was housed in cell # V 2106 at U.C.I in the inpatient mental health Transitional Care Unit undergoing extensive treatment for his psychological and emotional disorders.

9. At approx. 5:00 pm. while in Quad two (2) of V-Dormitory conducting showers and shaves. Defendant Joshua Combs approached the plaintiffs cell and asked him if he wanted to come out and take a shower or get a shave.

10. The plaintiff refused to shower or shave out of fear because of previous and earlier threats by Defendants Allen Copher and Combs to teach plaintiff a lesson by placing him on strip so he could freeze his ass off for writting grievances against them and their friends in grievance log numbers # 1107-213-068; 1110-213-241●; 1011-213-085; 1011-213-081; 0911-213-618 and 0911-213-608.

11. Thereafter, Defendant Combs informed the plaintiff that it was mandatory that he come out and recieve a shave. To which Plaintiff complied by submitting to handcuffs and exiting his cell.

12. The Plaintiff was then escorted by Defendant Combs to an interview room to recieve a shave.

13. While enroute back to his cell. The Plaintiff observed Defendant

Joshua D. Mosley inside of his cell deliberately throwing his personal property around the cell.

14. At that time, Defendant Eric R. Williams instructed him to stand outside of his cell and face the wall, to which he complied.

15. Defendant Combs then informed Defendant Williams to place the plaintiff into the group room. As the plaintiff turned around to proceed to his destination, Defendant Combs called out to the Plaintiff whom then turned toward him and stated, "Your time has come."

16. Afterwards Defendant Williams called the plaintiff's name and as he turned back toward Defendant Williams to continue to the group room, Williams stated, "Grieve this!" and immediately grabbed the plaintiff, lifted him up and slammed him onto the floor. Thereby causing the side of his head to strike the floor with such a tremendous amount of force that the plaintiff lost consciousness.

17. At no time prior to or during the assaultive actions of Defendants Williams did the plaintiff physically resist or attempted to resist any orders, neither did he attempt to or assault anyone.

18. When the Plaintiff had regained consciousness, he was escorted by Defendants Williams and Combs out of the Quad and placed into one of the medical holding cells.

19. Minutes later Defendants Robert Metz, Michael Brown, Eric Jackson and Combs approached the holding cell with Defendant Mosley who had then opened the holding cell.

20. Defendant Moseley then entered the holding cell to place full restraints (waist chain, black box and leg irons) on the plaintiff and while applying the waist chain Mosley maliciously and sadistically wrapped the chain around the Plaintiff's neck and began choking him with it until plaintiff began gagging real loud, thereby causing injuries to the plaintiff's neck.

21. During this attack by Mosley, Defendants Metz, Brown, Jackson and Combs stood idly by watching the actions of Mosley and did not intervene to protect plaintiff from Mosley's unjustified, excessive and vindictive use of force.

6B

Statement of Facts

22. Defendants Metz, Brown, Jackson and Combs failure to protect the plaintiff was done with deliberate indifference and maliciously and sadistically for the very purpose of allowing harm to be done to plaintiff.

23. Defendant Mosley then placed the plaintiff in full restraints and along with Defendant Combs and attempted to escort plaintiff into the medical room, but plaintiff was unable to walk because of the excruciating pains to his neck and back areas.

24. Therefore, Defendant Combs and another officer assisted the plaintiff into the room by half carrying and dragging plaintiff, whereby he recieved a Post Use of Force medical examination by Nurses Rosanna Seay and Brenda Harris.

25. After the examination, the plaintiff was diagnosed with a possible neck injury and back injury and was placed into a temporary neck brace by Nurse Harris upon the order of the on call doctor.

26. The plaintiff was then dragged back to his cell by Defendants Combs, Brown and another officer despite the fact that he had a neck brace on and was obviously in delibitating pains because he was unable to walk at the time.

27. Prior to placing plaintiff back into his cell, Defendant Brown and Jackson had instructed their subordinates to remove everything out of the plaintiff's cell and place him on seventy two (72) hours property restrictions / strip status.

28. The officers then removed the plaintiffs mattress, sheets, clothing, personal and legal property, hygiene and comfort items and placed him in the cell with nothing but a pair of boxers in his possession.

29. The following day on November 4, 2011, the plaintiff was evaluated by a physician in the urgent care area at U.C.I. who then ordered x-rays of his neck and a CAT scan that was later performed at Jacksonville Memorial Hospital. The plaintiff was also given a prescription for pain killers.

6c

STATEMENT OF FACTS

30. When the Plaintiff returned to the Institution, the neck brace was removed. And although the plaintiff's neck was sore, stiff and hurting real bad. He was not provided with a mattress, blanket, pillow or any type of cushion to lie his head on or to lay down on.

31. Therefore, the plaintiff was forced to lie down on his concrete bunk in just his boxer shorts with nothing else in his cell, not even any toilet paper, for the entire seventy two hours, which expired on November 6, 2011.

32. On November 6, 2011, the Plaintiff's property restriction was extended beyond seventy-two (72) hours for no justifiable reason because the plaintiff had not engaged in any behavior justifying his prolonged property restriction.

33. On November 7, 2011 while Defendant Barry Reddish was conducting his weekly rounds of the institutions confinement units, the plaintiff stopped him and informed him that he had been on property restriction for over seventy two hours for no reason and that he needed a mattress to lie down on because his neck and back was hurting real bad from being physically assaulted.

34. Defendant Reddish just stared at the Plaintiff and continued on walking without saying or doing anything to resolve the problem or improve the plaintiff's living conditions.

35. The Plaintiff was also able to stop Defendant Brad Whitehead during his weekly rounds in V-dorm and put him on notice that I was still on strip after the seventy-two (72) hours had expired and that I needed a mattress and linen so I could lie down because the concrete bunk was aggravating plaintiff's pains and suffering.

36. Defendant Whitehead replied that Plaintiff should stop being a asshole and he would get his shit back, and walked off.

37. The plaintiff remained on property restriction until his removal from such status on November 10, 2011. At that time, the Plaintiff's mattress, pillow, linen, blanket, clothing and comfort items were returned to him.

6 D

STATEMENT OF FACTS

38. During the entire time the Plaintiff was on property restriction/strip status, from November 3, 2011 to November 10, 2011, the temperatures were cold outside and much colder inside, because of the cold air blowing through the vents. The Plaintiff had no means of keeping warm for the seven (7) and a half days he was on strip status.

39. As a direct and proximate result of Defendant Williams and Mosley's unjustified and excessive use of force. The Plaintiff suffered physical injuries in the form of a sprained and bruised neck and a bruised back, physical pains for a couple of weeks. Mental anguish, nightmares and emotional distress.

40. As a direct and proximate result of Defendant's Metz, Brown, Jackson, Williams and Combs failure to intervene and protect Plaintiff from the unjustified and excessive use of force by Defendant Mosley, the Plaintiff suffered physical injuries, physical pains, mental anguish, nightmares, emotional distress.

41. On information and belief, the officers at U.C.I had an unwritten policy or custom of retaliating against and/or punishing inmates who frequently file grievances, complaints or lawsuits against correctional staff members by placing them on property restriction and writing fictitous disciplinary reports to justify their actions. This policy was started by Defendant Whitehead and/or worsened after he arrived at U.C.I. and existed before Defendant Reddish, but was continued in force by Reddish.

42. On information and belief, Defendants Reddish and Whitehead were aware of or should have been aware of this policy or custom and knew of the serious risk of such a policy or custom and instead of correcting or alleviating the problem, they both continued and condoned it. Although, they may have sometimes disciplined officers for

6E

STATEMENT OF FACTS

committing violations, they have never or did not routinely punish any official(s) ~~_____~~ for improper use of property restriction.

43. On information and belief, the officials at U.C.I. had an unwritten policy or custom of physically abusing inmates as punishment and/or recreation, especially inmates who constantly file grievances, complaints or lawsuits against correctional officials. This policy or custom existed prior to Reddish and Whitehead arriving at U.C.I., but continued in force by them and even worsened during their tenure.

44. On information and belief, Defendants Reddish and Whitehead were aware of or should have been aware of this policy and custom and knew of the serious risk of such a policy or custom and instead of correcting or alleviating the constant abuse they both continued and condoned it. Although they may have sometimes disciplined officials in cases of clear abuse, they did not routinely punish officials for abuse unless compelled to.

45. On information and belief Defendants Reddish and Whitehead were aware of or should have been aware of the widespread physical abuse of inmates at U.C.I. by correctional staff, but failed to take serious actions to curb the abuse or make a reasonable and good faith effort to minimize the risk of danger posed to the inmates.

46. On information and belief, Defendants Reddish and Whitehead were aware of or should have been aware of the widespread use or misuse of property restriction status to retaliate against, punish and torture inmates through the many complaints and grievances that have been communicated to them by inmates, staff members, relatives and friends. Despite their knowledge, both Defendants failed to take any reasonable actions to ensure proper supervision and discipline. Their failures led the officials under their authority to believe they could torture and retaliate against inmates at will with impunity.

47. On information and belief Defendants Reddish and Whitehead had been placed on notice of their subordinates widespread use of physical abuse against the inmates under their care through many complaints, grievances, letters and etc., but failed to take any reasonable actions to properly supervise and discipline their officers. Instead, Defendants often encouraged such abusive actions.

48. Defendant Reddish and Whitehead had the responsibility and authority to implement corrective actions by either reprimanding, reassigning or

9 F

STATEMENT OF FACT

terminating the officials abusing the rules or inmates.

49. Rule 33-602.210, F.A.C., requires that all uses of force incidents be reviewed by the warden and either approved or disapproved by him.

50. Although all investigations of inmates claims of excessive and unjustified uses of force are conducted by the Inspector Generals office, any findings or conclusions are sent to the Institutional Warden to take any actions deemed necessary and appropriate.

51. Furthermore, Rule 33-103, F.A.C. requires that all institutional wardens investigate, respond to and take any necessary actions on all formal grievances submitted at their institution.

52. Defendants Reddish and Whitehead, because of their intentional failure to meet their responsibilities, had acted with deliberate indifference to the substantial likelihood that their subordinates will, or would continue to, use unjustified and/or malicious and sadistic force for the purpose of causing harm.

53. Defendants Reddish and Whitehead failed to properly supervise, manage and discipline their subordinates to ensure their compliance with the rules, regulations, policies, laws and directives regarding the use of physical force on inmates.

54. The policy of the Florida Department of Corrections requires approval of the warden to extend an inmates property restriction status beyond the initial seventy-two (72) hours and their order to remove the inmate from such status.

55. Thus, Defendant Reddish was responsible for monitoring the plaintiff's property restriction status to determine when the continued use was no longer penelogically justified.

56. Defendant Reddish's failure to investigate and remove plaintiff from property restriction upon learning that he had been on it over seventy-two (72) hours without justification constituted deliberate indifference.

57. Defendant Reddish's failure to provide plaintiff with mattress, pillow, blanket or any other cushion in light of his neck and back injuries he was made aware of, constituted deliberate indifference and cruel and unusual punishment.

58. The actions and/or omissions of Defendants Reddish and Whitehead

69

STATEMENT OF FACTS

contributed to and proximately caused the injuries and suffering sustained by the plaintiff.

59. The actions of Defendants Brown, Jackson, Mosley and Williams in placing the plaintiff on property restriction / strip status because of grievances he had wrote on other staff members constituted retaliation for the exercise of his constitutional rights.

60. Each Defendant is being sued in their individual capacity.

61. Each Defendant has acted under color of state law at all times relevant to this complaint.

62. The plaintiff also alleges the torts of assault and battery and negligence.

penological reason. Such constituted cruel and unusual punishment, in violation of the Eight Amendment to the U.S. Constitution.

2. The actions of Defendants Williams and Mosley in using physical force against the plaintiff in bad-faith with a malicious intent and in a manner exhibiting wanton and willful disregard of his human rights and safety constituted the tort of assault and battery under the state law of Florida.

3. The force used by Defendants Williams and Mosely was inflicted as gratuitous punishment and exceeded that which was reasonable and necessary under the circumstances and violated universally acceptable standards of decency and amounted to cruel and unusual punishment. In violation of the Eight Amendment to the U.S. Constitution.

4. The actions of Defendants Metz, Brown, Jackson, Williams and Combs in failing to intervene to protect plaintiff from the unjustified and excessive use of force by Defendant Mosley were done with deliberate indifference and maliciously and sadistically to allow further harm to the plaintiff. In violation of the Eighth Amendment to the Constitution.

5. The negligent actions of Defendants Metz, Brown, Jackson, Williams and Combs in failing to protect plaintiff from the unjustified and excessive use of force by Defendant Mosley was committed in bad faith with a malicious intent or in a manner exhibiting wanton and willful disregard of his human rights and safety, and constituted the tort of negligence under the state law of Florida.

6. The actions of Defendants Brown, Jackson, Williams and Mosley in placing the plaintiff on property restriction/strip status for filing complaints and grievances against staff constituted retaliation for petitioning the government for redress of grievances and therefore violated the First Amendment to the Constitution.

7. The actions of Defendants Brown, Jackson, Williams and Mosley in placing the plaintiff on property restriction for unjustifiable reasons and depriving him of his legal documents, mattress, pillow, blanket, sheets, clothes, hygiene and comfort items under the circumstances constituted cruel and unusual punishment in violation of the U.S Constitution.

8. The failure of Defendants Whitehead and Reddish to remove the plaintiff from property restriction/strip status after completion of the seventy-two (72)

7

STATEMENT OF CLAIMS

hours or provide Plaintiff with bedding and adequate warmth during his seven and a half (7½) days spent on property restriction constituted deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution.

9. The failures of Defendants Reddish and Whitehead to properly supervise, manage, discipline and/or reassign abusive officers in light of the widespread abuse and many complaints of such abuse constituted deliberate indifference and contributed to and proximately caused the herein violations, in violation of the Eighth Amendment to the U.S. Constitution and constituted the tort of negligence under the state law of Florida.

10. The actions of Defendants Reddish and Whitehead in failing to take any corrective actions to stop or discourage their subordinates from complying with the un-written policies or customs of physically abusing inmates for retaliatory or punitive reasons and using property restriction as a discipline, torturous, and retaliation tool. Constituted deliberate indifference and contributed to and proximately caused the Plaintiff injuries, pains and suffering in violation of the Eighth Amendment to the U.S. Constitution and constituted the tort of negligence under the state law of Florida.

7A

VIII. <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by defendants Williams and Mosely violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under the state law of Florida.

2. The failure of Defendants Metz, Brown, Jackson, Williams and Combs to protect plaintiff from the excessive and unjustified force used by Mosley violated the Plaintiff's rights under the Eighth Amendment to the U.S. Constitution and constituted the tort of negligence under the state law of Florida.

3. The failures of Defendants Reddish and Whitehead to take disciplinary or other actions to curb the constant use of unjustified and excessive

... Relief Requested continued on page

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this  15  day of  Oct , 2 012 .

*Herbert Demond York* #B02169

(Signatures of all Plaintiffs)

(8)

DC 225 (Rev. 9/03)

Relief Requested

force by the security officers violated the plaintiffs rights under the Eighth Amendment to the U.S. Constitution and constituted the tort of negligence under the Eighth Amendment to the U.S. Constitution and Constituted the tort of negligence under the state law of Florida.

4. The failures of Defendants Reddish and Whitehead to take disciplinary or other actions to stop or curb the frequent abuse of and use of unjustified property restriction to retaliate against, punish or torture inmates. Violated Plaintiffs rights under the Eighth Amendment to the U.S. Constitution and constituted the tort of negligence under the state law of Florida.

B.. Award compensatory damages jointly and/or individually against Defendants Metz, Brown, Jackson, Williams, Combs, Mosley, Whitehead and Reddish for the physical, psychological and emotional pains and injuries sustained as a result of the attack and prolonged property restrictions.

C.. Award punitive damages jointly and/or individually against Defendants Metz, Brown, Jackson, Williams, Combs, Mosley, Whitehead and Reddish;

D. Award reimbursement for any costs or fees incurred by the Plaintiff as a result of the preparation, filing and litigation of this action;

E.. Award attorney fees and costs pursuant to 42 USC § 1988 if appropriate;

F.. A trial by jury on all issues so triable;

G.. Award such other or further relief as the court deems just and proper.

H. Appointment of Counsler. ~~see Exhibit A~~.

8A